UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES ALEXIS,

    Petitioner,

      v.                                            CAUSE NO. 3:26-CV-643-CCB-SJF

BRIAN ENGLISH,

    Respondent.

## <u>ORDER</u>

Immigration detainee James Alexis, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden filed a response. ECF 9. Mr. Alexis has not filed a reply, and the time for doing so has expired. The petition is ready to be decided.

Mr. Alexis is a Haitian citizen who was admitted to the United States in 2004 as a lawful permanent resident. ECF 9-1 at 5. On February 17, 2016, he was convicted of first-degree robbery and sentenced to twelve years' imprisonment. *Id.* On November 20, 2023, he was served with a Notice to Appear, charging him as removable under 8 U.S.C. § 237(a)(2)(A)(iii). *Id.* at 6. On August 13, 2025, an immigration judge ordered Mr. Alexis to be removed to Haiti and denied his applications for deferral of removal. ECF 9-2 at 4-7. Mr. Alexis appealed that decision to the Board of Immigration Appeals (BIA). *Id.* at 8. On May 12, 2026, Mr. Alexis filed this petition for a writ of habeas corpus, arguing his detention under 8 U.S.C. § 1226(c) has become unconstitutionally prolonged in violation

of his due process rights. ECF 1. On May 29, 2026, after he filed this habeas corpus petition, the BIA dismissed his appeal of his removal order. ECF 9-2 at 11-14. He remains in custody at Miami Correctional Facility pending his removal.

The Warden argues that, because the BIA dismissed Mr. Alexis' appeal of his removal order, he is now subject to a final order of removal and thus subject to mandatory detention under 8 U.S.C. § 1231. As discussed, Mr. Alexis did not file any reply and does not respond to or dispute this argument.

The Warden first argues that the court lacks subject matter jurisdiction over Mr. Alexis' habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

Turning to the merits, because Mr. Alexis is subject to an order of removal that has become administratively final, the basis for his detention has shifted from 8 U.S.C. § 1226 (governing detention while removal proceedings are pending) to 8 U.S.C. § 1231 (governing detention while the government effectuates a removal order). By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). This 90-day period is measured from the beginning of the removal period, not from the beginning of detention. The removal period begins on the latest of three events: (1) when the removal

order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Mr. Alexis does not dispute that his removal order became final on May 29, 2026, the day the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a) (providing that an immigration judge's removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Thus, the undisputed facts show he is still in the 90-day removal period, during which detention is mandatory.[1] Therefore, his detention is mandated by 8 U.S.C. § 1231(a)(2), and the court may not order his release.

For these reasons, the court **GRANTS** Mr. Alexis' motion for leave to proceed in forma pauperis (ECF 3), **DENIES** his habeas corpus petition (ECF 2), and **DIRECTS** the clerk to close this case.

SO ORDERED on August 6, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Even after this 90-day period, continued detention is authorized under 8 U.S.C. § 1231(a)(6) for several groups of noncitizens for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Because Mr. Alexis is still in the removal period, it is unnecessary to discuss this possibility further.